**THIS DISPOSITION
IS CITABLE AS
PRECEDENT OF
THE TTAB**

Hearing:
September 24, 2002

**Mailed:  November 18, 2002**
Paper No. 16
CEW

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re Jose Remacle
_____

Serial No. 75/932,290
_____

Susan Moss Natland and Steven J. Nataupsky of Knobbe,
Martens, Olson & Bear for Jose Remacle.

Robert Clark, Trademark Examining Attorney, Law Office 108
(David Shallant, Managing Attorney).
_____

Before Walters, Chapman and Bucher, Administrative Trademark
Judges.

Opinion by Walters, Administrative Trademark Judge:

Jose Remacle has filed an application to register on

the Principal Register the mark BIO-CD[1] for the following

goods and services:

> Apparatus and instruments for scientific research
> for laboratories, namely, modified compact discs
> on which biological molecules such as nucleic

---
[1] Serial No. 75/932,290, filed March 1, 2000, based on an allegation of
a bona fide intention to use the mark in commerce.

acids, antigens, antibodies and biological receptors are fixed; disc players, namely, readers for such modified compact discs; kits comprised of modified compact discs, tubes, flasks and capsules and washing solutions and reagents all for use in the diagnostic and quantification of biological molecules or of infectious agents such as bacteria, viruses, antibodies, antigens, hormones, toxins present in the human or animal biological tissues or liquids such as blood, serum, urine, cephalo-rachidian liquid, lymph intended for scientific research in laboratories; medical and veterinary diagnostic apparatus, namely, modified compact discs on which biological molecules such as nucleic acids, antigens, antibodies, biological receptors are fixed; disc players, namely, readers for modified compact discs," in International Class 9; and

Scientific and research services, namely, medical and veterinary research and diagnostic services, namely, the identification of biological molecules of infectious agents such as bacteria, viruses, antibodies, antigens, hormones, toxins present in human or animal biological tissues or liquids such as blood, serum, urine, cephalo-rachidian liquid, lymph, in International Class 42.

The Trademark Examining Attorney has issued a final refusal to register, under Section 2(e)(1) of the Trademark Act, 15 U.S.C. 1052(e)(1), on the ground that applicant's mark is merely descriptive when used on or in connection with his goods and services.

Applicant has appealed. Both applicant and the Examining Attorney have filed briefs, and an oral hearing was held. We reverse the refusal to register.

The Examining Attorney contends that BIO-CD merely describes applicant's intended goods, compact discs that are used to test biological matter. Implicit in the Examining

Attorney's argument is his assumption that "cd" is an acronym for "compact disc" and "bio" is an abbreviation for "biological." In support of his position, the Examining Attorney submitted several excerpts from Internet web sites[2] and from articles retrieved from the LEXIS/NEXIS database.

Applicant contends that his mark is not merely descriptive because even "consumers in the scientific field encountering will not immediately know the nature of applicant's goods or services when confronted with the BIO-CD mark."[3] (Brief, p. 19.) Applicant argues that his mark is a unitary mark that is, at most, suggestive; and that there are numerous third-party registrations for marks that include "BIO" and/or "CD."[4] Applicant contends, further, that the Examining Attorney's evidence is insufficient to establish that relevant consumers will understand applicant's mark to mean "biological compact disc"; and that, even if they do, this term could convey several

---

[2] The Examining Attorney's print-out of the results of an Internet search by the Yahoo search engine are of little probative value, largely because insufficient text is available to determine the nature of the information and, thus, its relevance.

[3] Applicant's argument fails to consider the well established trademark law principle that the mark must be considered, not in the abstract, but in relation to the goods and services identified in the application.

[4] Applicant has submitted mere lists of registrations, rather than properly submitting copies of these registrations from the records of the USPTO. However, the Examining Attorney did not object to this evidence, therefore, we have considered it for whatever limited probative value it may have. In this regard, each case must be decided on its own merits and, in any event, "third-party registrations simply are not conclusive on the question of descriptiveness, and a mark which is merely descriptive cannot be made registrable merely because other

meanings to said consumers, such as "a compact disc that contains educational materials to study biology or a compact disc that emits the sounds of nature." (Brief p. 6.) Applicant challenges several of the excerpts from Internet web sites as having little relevance because the sites are from sources outside the United States.[5] Additionally, applicant contends that the evidence showing "bio-cd" to refer to "biological circular dichroism" is inapposite because "biological circular dichroism" is unrelated to applicant's goods and services[6]; and that evidence showing

---

similar marks appear on the register." *See, In re Scholastic Testing Service, Inc*., 196 USPQ 517, 519 (TTAB 1977).

[5] In the case of *In re Men's International Professional Tennis Council*, 1 USPQ2d 1917, 1918 (TTAB 1986), the Board considered articles in foreign publications to be of limited evidentiary value. The Board stated that "it is fair to presume that the *Manchester Guardian Weekly* has little circulation here, [thus, we cannot] infer that these foreign uses have had any material impact on the perceptions of the relevant public in this country." However, there are factors in particular situations where inferences regarding accessibility and familiarity with foreign publications may be made. For example, it is reasonable to assume that professionals in medicine, engineering, computers, telecommunications and many other fields are likely to utilize all available resources, regardless of country of origin or medium. Further, the Internet is a resource that is widely available to these same professionals and to the general public in the United States. Particularly in the case before us, involving sophisticated medical technology, it is reasonable to consider a relevant article from an Internet web site, in English, about medical research in another country, Great Britain in this case, because that research is likely to be of interest worldwide regardless of its country of origin.

[6] This evidence does demonstrate the use of the term "bio" as a shortened form of "biological." However, while it is difficult to be certain from this record, the discussions of "biological circular dichroism" placed in the record by the Examining Attorney appear to be irrelevant to the technology of the goods and services involved in this case.

the term "biochip" is similarly inapposite.[7]  Applicant asks that doubt be resolved in his favor.

The test for determining whether a mark is merely descriptive is whether it immediately conveys information concerning a quality, characteristic, function, ingredient, attribute or feature of the product or service in connection with which it is used, or intended to be used. *In re Engineering Systems Corp.*, 2 USPQ2d 1075 (TTAB 1986); *In re Bright-Crest, Ltd.*, 204 USPQ 591 (TTAB 1979).  It is not necessary, in order to find that a mark is merely descriptive, that the mark describe each feature of the goods or services, only that it describe a single, significant quality, feature, etc.  *In re Venture Lending Associates*, 226 USPQ 285 (TTAB 1985).  Further, it is well-established that the determination of mere descriptiveness must be made not in the abstract or on the basis of guesswork, but in relation to the goods or services for which registration is sought, the context in which the mark is used or is intended to be used, and the impact that it is likely to make on the average purchaser of such goods or services.  *In re Recovery*, 196 USPQ 830 (TTAB 1977).

---

[7] While "biochip" technology may be related to applicant's goods and services, we agree with applicant's counsel's argument made during the oral hearing that, like the "biological circular dichroism" excerpts, the articles using the term "biochip" have no probative value as to the decriptiveness of BIO-CD.

Based on the record before us, we cannot conclude that BIO-CD is merely descriptive in connection with the identified goods and services. There is little evidence in this record that is clearly relevant to applicant's identified goods and services, and the Examining Attorney did not request additional information about the nature of the goods and services, the intended purchasers or the intended channels of trade. Although several of applicant's arguments are without merit, the Examining Attorney has the burden of establishing that the mark is merely descriptive, and that burden has not been met.

While our determination is not free from doubt, we resolve that doubt in favor of applicant and reverse the refusal to register. *See In re Rank Organization Ltd.*, 222 USPQ 324, 326 (TTAB 1984) and cases cited therein.

*Decision:* The refusal under Section 2(e)(1) of the Act is reversed. The application will be forwarded for publication of the mark for opposition in due course.